IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| TAZIER THIESSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-CV-5046-WBG |
| | ) |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Pending is Plaintiff Tazier Thiessen's Motion to Remand, which was filed on June 8, 2021. Doc. 11. On June 22, 2021, Defendant Jaguar Land Rover North America, LLC, filed its Opposition to Plaintiff's Motion to Remand. Doc. 12. Thereafter, on June 29, 2021, Plaintiff filed his Reply in further support of his Motion to Remand. Doc. 14. For the following reasons, Plaintiff's Motion to Remand is GRANTED, and the matter is REMANDED to the Circuit Court of Jasper County, Missouri.

## I.  BACKGROUND

This matter stems from Plaintiff's purchase of a 2021 Range Rover Sport from Defendant for $98,920.00. Doc. 1-1 at 3. After taking possession of the vehicle, Plaintiff contends the sunroof, transmission, HVAC, electrical system, and engine were defective. *Id*. at 3-4. After Defendant was unable and/or failed to cure the alleged defects, Plaintiff revoked acceptance of the vehicle. *Id*. at 4. At the time of revocation, Plaintiff claims the vehicle was in substantially the same condition as it was at delivery except for ordinary wear and tear. *Id*. Defendant refused Plaintiff's revocation and has not provided Plaintiff with the remedies he claims he is entitled upon revocation. *Id*.

On April 7, 2021, Plaintiff filed suit against Defendant in the Circuit Court of Jasper County, Missouri. *Id.* at 2-12. He alleges Defendant breached written and implied warranties pursuant to the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301-2312) ("MMWA") and breached the Missouri New Motor Vehicle Warranties, Nonconformity Act (Mo. Rev. Stat. §§ 407.560-.579). *Id*. On May 19, 2021, Defendant removed the matter to this Court. Doc. 1. Plaintiff moves to remand the matter to state court because the amount in controversy is not met with regard to the MMWA or diversity jurisdiction. Docs. 11, 14. Defendant opposes the motion. Doc. 12.

## II. DISCUSSION

### A. MMWA Claims

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). This Court may exercise removal jurisdiction only if it would have original subject matter jurisdiction had the action initially been filed here. *See Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). Original subject matter jurisdiction can be established in two ways: (1) by alleging a claim arising under federal law pursuant to 28 U.S.C. § 1331, or (2) by alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The parties disagree as to whether federal question jurisdiction exists under the MMWA. Federal question jurisdiction is invoked when a cause of action "aris[es] under" federal law. 28 U.S.C. § 1331. A cause of action created by federal law arises under federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Removal based on federal question jurisdiction is typically governed by the "well-pleaded complaint" rule. *Krispin*, 218 F.3d at 922; *see also Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) (holding "federal

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Plaintiff's petition pleads two claims under the MMWA. Doc. 1-1 at 5-8. Pursuant to the MMWA, "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief" in state or federal court. 15 U.S.C. § 2310(d)(1)(A)-(B). Thus, a MMWA claim arises under federal law. *See Sipe v. Workhorse Custom Chassis, LLC*, 572 F.3d 525, 530 (8th Cir. 2009) ("The MMWA grants the holder of an implied warranty a federal cause of action for a breach of warranty under the applicable state law."). However, an MMWA claim cannot be brought in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in th[e] suit." 15 U.S.C. § 2310(d)(3)(B); *see also Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 521 (7th Cir. 2003) (recognizing federal question jurisdiction exists over a MMWA claim where the amount in controversy exceeds $50,000.00). Therefore, this Court must determine whether the MMWA's $50,000 amount in controversy requirement has been met.

Courts initially look to the initial pleading to determine the amount in controversy. "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). Missouri does not permit a plaintiff to demand a specific sum. Mo. Rev. Stat. § 509.050 ("no dollar amount or figure shall be included in the demand except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable."). Consequently, the Court

3

Case 3:21-cv-05046-WBG   Document 19   Filed 07/26/21   Page 3 of 9

must turn to Defendant's Notice of Removal to ascertain the amount in controversy. 28 U.S.C. § 1446(c)(2)(B).

As the party seeking removal, Defendant bears the burden of establishing, by a preponderance of the evidence, the amount in controversy for Plaintiff's MMWA claims is at least $50,000. *Id.*; 15 U.S.C. § 2310(d)(3)(B); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). This burden is "a pleading requirement, not a demand for proof." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (citation omitted); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

In its Notice of Removal, Defendant contends "[t]he amount in controversy…exceeds $50,000…. Specifically, the purchase price of the vehicle at issue totaled $98,920." Doc. 1 at 2. It also maintains Plaintiff "sought a repurchase of said vehicle…and continues to seek a repurchase of the vehicle, as well as lost wages, aggravation and incidental and consequential damages." *Id*. But Defendant's Notice of Removal ignores Plaintiff's Petition, which does not seek recovery of the purchase price. *See* Doc. 1-2 at 2-9. Instead, Plaintiff's Petition identifies the recovery he seeks as "[d]iminution in value of the Sport." Doc. 1-1 at 6, 8.[1] Defendant, however, provides

---

[1] Plaintiff also seeks recovery of attorneys' fees, other fees, and costs; however, fees and costs are not included when determining the amount in controversy under the MMWA. 15 U.S.C. § 2310(d)(3)(B); *see also Ansari v. Bella Auto. Grp., Inc.*, 145 F.3d 1270, 1271-72 (11th Cir. 1998); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984); *Saval v. BL Ltd.*, 710 F.2d 1027, 1032-33 (4th Cir. 1983); *Loy v. BMW of N. Am., LLC*, No. 4:19-CV-00184-JAR, 2019 WL 6250844, at *5 n.3 (E.D. Mo. Nov. 22, 2019); *Dembski v. Am. Honda Motor Co.*, No. 06-6060-CV-SJ-REL, 2006 WL 2331178, at *3 (W.D. Mo. Aug. 10, 2006).

nothing in its Notice of Removal or in its response to the Motion to Remand indicating or establishing the "diminution of value" sought by Plaintiff.

In his Petition, Plaintiff also seeks "incurred and/or needed costs of repair and all incidental and consequential damages." *Id*. Neither party addresses the repair costs or any incidental and consequential damages. Although Defendant's Notice of Removal references Plaintiff's request for "incidental and consequential damages," it provides no indication as to what, if anything, those damages are or might be. Doc. 1 at 2-3. The parties' briefing on Plaintiff's Motion to Remand sheds no light on what these incidental and consequential damages are. *See* Docs. 11, 12, 14. Without any information as to what these damages are, the Court cannot consider the costs of repair and/or incidental and consequential damages when determining the amount in controversy.

In his Motion to Remand, Plaintiff argues the amount in controversy for an MMWA claim is determined by the "cost of cover." Doc. 11 at 2-11. According to Plaintiff, the cost of cover is calculated by taking the replacement price of a new vehicle ($98,920) and subtracting the value of the allegedly defective vehicle returned to Defendant and the value Plaintiff received from using the allegedly defective vehicle. *Id*.[2] In opposition to the Motion to Remand, Defendant concedes several courts utilize a "cost of cover" analysis to determine the amount in controversy for MMWA claims. Doc. 12 at 2-3. Nevertheless, Defendant argues Plaintiff fails to present evidence establishing to a legal certainty that the amount in controversy does not surpass the $50,000 MMWA jurisdictional threshold and reiterates Plaintiff's Petition demonstrates the amount in controversy is satisfied. *Id*. at 4-6.

The Eighth Circuit has not decided how the amount in controversy under the MMWA is determined. Nevertheless, other circuit courts and district courts in the Eighth Circuit, including

---

[2] Contrary to Defendant's accusation, Plaintiff's argument that the cost of cover should be applied does not change the facts or his damages, particularly since Plaintiff sought the "diminution in value of the Sport" in his Petition.

5

Case 3:21-cv-05046-WBG   Document 19   Filed 07/26/21   Page 5 of 9

this Court, have applied the cost of cover analysis and provided guidance on the issue. *See*, *e.g.*, *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 885 (6th Cir. 2005); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 406 (7th Cir. 2004) (citation omitted); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004); *Mishra v. Coleman Motors, LLC*, No. 4:16-CV-01553-PLC, 2017 WL 994868, at *2-3 (E.D. Mo. Mar. 15, 2017) (citations omitted); *John v. Forest River, Inc.*, No. 4:15-CV-4041, 2016 WL 3189259, at *2 (W.D. Ark. June 7, 2016) (citations omitted); *Curry v. Pleasurecraft Marine Engine Co.*, 950 F. Supp. 2d 1057, 1059-60 (W.D. Mo. 2013) (citations omitted); *Baker v. Auto Stop, Inc.*, No. 4:12-CV-00244, 2012 WL 3762047, at *1 (E.D. Mo. Aug. 29, 2012). To summarize the courts' findings, the amount in controversy is calculated as follows: "1) begin with the cost of the replacement vehicle, 2) subtract the present value of the allegedly defective vehicle, and 3) subtract the use value that the plaintiff received from the allegedly defective vehicle." *Diamond v. Porsche Cars N. Am., Inc.*, 70 F. App'x 893, 894-95 (7th Cir. 2003) (citation omitted); *see also Voelker,* 353 F.3d at 521 (holding the removing party asserting federal jurisdiction is required to allege the cost of the replacement vehicle, the present value of the allegedly defective vehicle, and the value that the plaintiff received from the allegedly defective vehicle to calculate the amount in controversy under the MMWA).

Defendant suggests and Plaintiff agrees the replacement vehicle's cost is the vehicle's purchase price ($98,920). Doc. 1 at 2-3; Doc. 11 at 2, 8; Doc. 12 at 5; Doc. 14 at 2. However, in its Notice of Removal and response to Plaintiff's Motion to Remand, Defendant failed to provide any representation or evidence as to the vehicle's present value or the value Plaintiff received from the vehicle. When the amount in controversy is not apparent from the face of a pleading, the removing party must provide specific facts or additional evidence establishing the amount in controversy is met. *See Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (citation omitted);

*Walz v. FedEx Off. & Print Servs., Inc.*, No. 2:12-CV-04188-NKL, 2012 WL 5386058, at *1 (W.D. Mo. Nov. 2, 2012) (citation omitted).

Because Defendant did not provide any information as to the present value of the vehicle or the value Plaintiff received from the vehicle, the Court cannot conclude whether the jurisdictional amount in controversy under the MMWA is met. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 889–90 (5th Cir. 2014) (holding the removing parties failed to establish the plaintiff's damages were at least $50,000 because they did not "suppl[y] any evidence, or even an allegation as to the value of the car in its defective condition.") (citation omitted); *Voelker*, 353 F.3d at 521-22 (finding neither party provided the cost of the replacement vehicle, the present value of the allegedly defective vehicle, or the value the plaintiff received, and thus, the court could not conclude whether jurisdiction over the MMWA claims existed); *Curry*, 950 F. Supp. 2d at 1061-62 (finding the removing party failed to demonstrate the amount in controversy under the MMWA was met and thus failed to demonstrate the court had subject-matter jurisdiction over the case). Because Defendant failed to establish, by a preponderance of the evidence, the amount in controversy for Plaintiff's MMWA claims is at least $50,000, the Court must grant Plaintiff's Motion to Remand.

To the extent there was any doubt as to whether the amount in controversy was met, this Court is required to "resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181,182 (8th Cir. 1993). Further, additional information provided by Plaintiff in his reply quell any doubt as to the amount in controversy. Generally, post-removal events that reduce recoverable damages below a statutory limit do not divest this Court of jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938). However, this Court may consider post-removal stipulations, affidavits, and/or amendments if they

clarify, not change, whether the amount in controversy is met. *See McLauchlin v. Sight*, No. 4:16-CV-0542-DGK, 2016 WL 4077237, at *1 (W.D. Mo. Aug. 1, 2016) (citation omitted).

In his reply, Plaintiff represents the allegedly defective vehicle's current value is $87,000. Doc. 14 at 2. The valuation is derived from his sale of the car on June 21, 2021, for $87,000. *Id.*; Doc. 14-1. Based on this valuation, Plaintiff contends the amount in controversy is no more than $12,920. Doc. 1 at 2. Plaintiff arrives at this amount by subtracting the current value of the allegedly defective vehicle ($87,000) from the cost of replacing the vehicle ($98,920). *Id*. And the value Plaintiff received from the allegedly defective vehicle also would be subtracted. *Id*. Although Defendant failed to meet its burden of establishing the amount in controversy was at least $50,000, Plaintiff's clarification alleviates any uncertainty as to the amount in controversy.

**B.     State Law Claim**

Regarding Plaintiff's state law claim, the Court cannot exercise jurisdiction unless it has diversity jurisdiction. 28 U.S.C. § 1332(a). Diversity jurisdiction attaches when there is complete diversity of citizenship, and the amount in controversy exceeds $75,000. *Id*. Plaintiff concedes there is complete diversity of citizenship. Doc. 11 at 1-2. But the parties disagree as to whether the amount in controversy for diversity jurisdiction has been met.

Similar to the MMWA claims discussed above, Defendant, as the removing party, bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Bell*, 557 F.3d at 956. The amount in controversy requirement must be strictly construed and any doubts about the propriety of federal jurisdiction in a removal case must be resolved in favor of state court jurisdiction and remand. *Bus. Men's Assurance*, 992 F.2d at 183; *Davis v. Pizza Hut of Am., Inc.*, No. 06-0340-CV-W-HFS, 2006 WL 1876903, at *1 (W.D. Mo. July 5, 2006). For the same reasons set forth *supra*, section II(A), the amount in controversy for diversity

jurisdiction has not been established.³  Because the amount in controversy has not been established, this Court is required to grant Plaintiff's Motion to Remand with respect to the state law claim as well.

### III. CONCLUSION

Upon careful consideration of the parties' filings, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this matter to the Circuit Court of Jasper County, Missouri.

**IT IS SO ORDERED.**

DATE: July 26, 2021                              /s/ W. Brian Gaddy
                                                 W. BRIAN GADDY
                                                 UNITED STATES MAGISTRATE JUDGE

---

³ Statutory attorney fees are considered when determining whether the amount in controversy is satisfied for diversity jurisdiction.  *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).  Pursuant to the applicable statute, a court may award attorney fees to the prevailing party.  Mo. Rev. Stat. § 407.025.1.  Regardless, Defendant, which did not discuss or brief Plaintiff's potential recovery of attorney fees, failed to establish by a preponderance of the evidence that the amount in controversy is more than $75,000.

9
Case 3:21-cv-05046-WBG   Document 19   Filed 07/26/21   Page 9 of 9